# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ETHEL CAMPBELL,**

       Plaintiff**,**

v.                                             No. CIV 01-0086 BB/LFG

**HONEYWELL INC.,**

       Defendant**.**


## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant' motion to dismiss or for summary judgment (Doc. 5). The Court has reviewed the parties' submissions and the relevant authorities and finds that Defendant' motion should be GRANTED in part and DENIED in part.

Defendant has moved to dismiss counts two, three, four, five, and six of Plaintiff's amended complaint. Plaintiff concedes that counts two, three, and four are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Those counts will therefore be dismissed. Plaintiff maintains, however, that counts five and six are not so preempted. Those counts are the only ones at issue in this opinion.

Count five of the amended complaint is a common-law claim for promissory estoppel; count six is a common-law claim for fraud. Both counts are based in part on Defendant's alleged misrepresentations concerning Plaintiff's entitlement to a severance package. In essence, Plaintiff maintains she was induced to leave employment with Defendant and accept a position with one of Defendant's subcontractors, as a result of pressure from Defendant as well as misrepresentations made by Defendant concerning a looming reduction in force and a severance package that would accompany that reduction in force. Plaintiff maintains she relied on those representations,

including the representations concerning the severance package, when she decided to accept the

position with the subcontractor.[1]

ERISA preemption applies to any common-law claims that "relate to" an employee benefit

plan qualifying as an ERISA plan. *See Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 508-09

(10th Cir. 1991). Plaintiff concedes, by not arguing the point, that the purported severance

package at issue in this case qualified as an ERISA-governed benefit plan. Therefore, the only

question remaining is whether the claims for promissory estoppel and fraudulent misrepresentation

"relate to" the severance package.

"Generally speaking, ERISA preempts state common law claims of fraudulent or

negligent misrepresentation when the false representations concern the existence or extent of

benefits under an employee benefit plan." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d

371, 378 (4th Cir. 2001) (citing cases). In particular, the Tenth Circuit has held that ERISA

preempts state-law claims that an employee acted in reliance on an employer's promises or

assurances concerning benefits available from an employee benefit plan. *See Wilcott v. Matlack,

Inc.*, 64 F.3d 1458, 1464 (10th Cir. 1995) (claim that plaintiff detrimentally relied on promise of

six weeks of paid disability leave is related to ERISA plan, and preempted); *Straub v. Western

Union Telegraph Co.*, 851 F.2d 1262, 1264 (10th Cir.1988) (preempting plaintiff's negligent

_____

[1]The complaint is somewhat confusing in several respects. For example, Plaintiff alleges
her employment with Defendant was terminated in May of 2000. She also alleges, however, that
she accepted employment with the subcontractor as a result of Defendant's misrepresentations,
making it appear she was not terminated by Defendant but left her job voluntarily, albeit under
duress and on the basis of inaccurate information, to work for another employer. In addition, it is
not clear how Plaintiff relied on information concerning the severance package in deciding to
accept employment with the subcontractor; according to the complaint, the severance package
was to be paid to employees terminated during the anticipated reduction in force, but Plaintiff did
not wait for that reduction in force, and instead accepted other employment. The Court need not
address these apparent inconsistencies in this opinion.

misrepresentation claim, arising out of employer's failure to inform plaintiff that his pension benefits would be lower if he accepted transfer to subsidiary of employer).

The facts of this case, as alleged in counts five and six, fall squarely into the category of cases discussed above. To the extent Plaintiff's promissory estoppel claim is based on her allegation that she was promised a severance package and detrimentally relied on that promise, the claim is directly related to the severance package, *see Wilcott*; to the extent Plaintiff's fraud claim is based on alleged misrepresentations concerning the severance package, that claim is also directly related to the severance package, *see Straub; see also Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790 (1st Cir. 1995) (employee retired early, based on employer's representations concerning level of benefits employee would receive under pension plan; representations were wrong; First Circuit held employee's misrepresentation claim was preempted by ERISA).

Plaintiff argues that counts five and six are not solely based on promises or misrepresentations concerning the severance package, but are based on other independent promises and misrepresentations.[2] To the extent this is true, those claims are not preempted by ERISA. However, to the extent these counts are based on promises or misrepresentations concerning the severance package, they are preempted by ERISA and those claims are dismissed.[3]

---

[2]Counts five and six are also based on alleged statements and misrepresentations concerning the expected reduction in force.

[3]Dismissal of a portion of these claims means, for example, that Plaintiff will not be able to claim as damages, under counts five and six, the benefits she expected to receive from the severance package.

**ORDER**

A memorandum opinion having been entered this date, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's motion to dismiss or for summary judgment (Doc. 5) be, and hereby is, GRANTED in part and DENIED in part.

Dated this 2nd day of January, 2002.

BRUCE D. BLACK
United States District Judge

**Attorneys:**
For Plaintiff:
Gail A. Heglund
Hannah B. Best

For Defendant:
Scott D. Gordon
Jeffrey L. Lowry